**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| XIANYING WU, XIANWEI WU, and JIAN ZHANG, | |
| *Plaintiffs*, | Civil No. 2:19-cv-15837 (KSH)(CLW) |
| v. | |
| 307 ELIZABETH AVE LLC, and MIMI CHIN a/k/a MIMI CHIN BAND | **Opinion** |
| *Defendants,* | |

**Katharine S. Hayden, U.S.D.J.**

Plaintiffs Xianying Wu, Xianwei Wu, and Jian Zhang have brought this action against defendants 307 Elizabeth Ave LLC (the "LLC") and Mimi Chin a/k/a Mimi Chin Band based on allegations of breach of contract (Count One), breach of the implied covenant of good faith and fair dealing (Count Two), loss of business and good will (Count Three), unjust enrichment (Count Four), and negligence (Count Five). Currently before the Court is defendants' motion to dismiss all counts as to Chin for lack of personal jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(2) and (6), and to dismiss Counts Four and Five as to the LLC for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

1

I.  **BACKGROUND**

The complaint pleads that on December 10, 2012, the parties entered into two lease agreements for the first two floors of a three-story building located at 307 Elizabeth Avenue in Edison, New Jersey (the "Property"). (D.E. 1, Compl. ¶¶ 11-12, 14.)  As tenants, plaintiffs signed a ten-year lease for the first floor of the Property, where they operated a Chinese restaurant (the "Restaurant"). (*Id.* ¶ 11.)  They also signed a ten-year lease for a second-floor apartment (the "Apartment"). (*Id.* ¶ 12.)  At no time did plaintiffs have access to the third floor, which remained unoccupied and under defendants' control. (*Id.* ¶¶ 15-17.)

During their tenancy, water, debris, and other materials from the third floor fell into the Apartment and the Restaurant and caused damage to plaintiffs' property. (*Id.* ¶¶ 18-19.)  Plaintiffs continuously notified defendants of the constant leaks and damage, and in response received multiple assurances from Chin that the Property would be repaired and the leaks would stop. (*Id.* ¶¶ 20-22.)  Defendants, however, failed to address the problems or prevent further damage, and the conditions worsened. (*Id.* ¶¶ 23-24.)

As a result, plaintiffs' customers complained that they felt unsafe at the Restaurant when water dripped from the ceiling onto the floor and into their food. (*Id.* ¶¶ 61-64.)  The Restaurant's business declined. (*Id.*)  On or about June 19, 2019, the City of Elizabeth declared the entire Property unfit for human habitation and cited it for multiple fire safety violations. (*Id.* ¶¶ 28-29.)  Accordingly, the Restaurant

closed, and plaintiffs were evicted. (*Id.* ¶¶ 34-35.) Notwithstanding the total shutdown of the Property, plaintiffs continue to pay defendants rent pursuant to the terms of their lease agreements. (*Id.* ¶ 80.)

On July 26, 2019, plaintiffs filed a five-count complaint alleging that defendants breached their contractual duty to maintain the Property in a safe and habitable condition, as well as a non-contractual duty to repair and/or prevent further damage from occurring pursuant to N.J.A.C. § 5:10-1.1 *et seq.* (*Id.* ¶¶ 17, 23-24.) As a direct result of the foregoing, plaintiffs claim that defendants caused their restaurant to be irreparably destroyed and claim that they suffered damages of at least $500,000. (*Id.* ¶¶ 33-36.) On September 12, 2019, defendants answered and asserted an affirmative defense that plaintiffs failed to state a claim upon which relief can be granted. (D.E. 8.)

The defendants' motion is fully briefed (D.E. 18, 23, 24) and the Court decides it without oral argument. *See* L. Civ. R. 78.1.

## II.   LEGAL STANDARDS

### A.   Fed. R. Civ. P. 12(b)(2)

In advance or in lieu of an answer, a defendant may move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The issue is ultimately a factual one, as to which the plaintiff has the burden:

> A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the

> plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 (3d Cir. 2004) (citing *Patterson v. FBI*, 893 F.2d 595, 603-604 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)) (internal citations omitted).)

A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales*, 384 F.3d at 96 (citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citing *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant establishes minimum contacts by "'purposefully avail[ing] itself to the privilege of conducting activities within the forum State,'" thereby invoking "'the

4

benefits and protections of [the forum State's] laws.'" *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into the forum as a result of "random," "fortuitous," or "attenuated" contacts with the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

B. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Phillips*, 515 F.3d at 232 (Rule 8 "requires a

5

'showing' rather than a blanket assertion of an entitlement to relief" (citation omitted)).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

The facial plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id.* at 678.

In deciding a Rule 12(b)(6) motion, a court may consider the complaint, any exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complaint's claims are based upon those documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III.   ANALYSIS

As an initial matter, the Court observes that none of the filed briefs complies with Local Civil Rule 7.2(b) inasmuch as both sides failed to include a table of contents and table of authorities as required.  *See* L. Civ. R. 7.2(b) ("Any brief shall include a table of contents and a table of authorities").

Moreover, defendants waived any personal jurisdiction arguments by filing an answer without preserving this issue.  *See* Fed. R. Civ. Pro. 12(h)(1)(B) ("A party

waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."). Even if personal jurisdiction had not been waived, however, review of Chin's extensive contacts in New Jersey requires that defendants' arguments to the contrary be rejected.

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case. The Court may exercise specific personal jurisdiction over a defendant where the cause of the action is related to or arises out of activities by the defendant that took place within the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

This lawsuit relates to and arises from Chin's various contacts with New Jersey. According to the plaintiffs' opposition brief and its accompanying affidavits and exhibits, Chin's personal signature appears on the commercial lease for the Restaurant. (D.E. 23, Opp. Br. at 3; Wu Decl., D.E. 23-1 ¶ 14; D.E. 23-2, Zhang Decl. ¶ 14; D.E. 23-5, Ex. 3.) Chin also requested that plaintiffs contact her directly with any requests or issues concerning the Restaurant, the Apartment, or the Property, which they did. (Opp. Br. at 3; Wu Decl. ¶ 17; Zhang Decl. ¶ 17 ) In addition, Chin exchanged text messages and emails with plaintiffs about the deteriorating condition of the Property and her efforts to repair the damage, which

7

are attached as Exhibit 5 to the Wu and Zhang affidavits.  After Chin acknowledged the damage, she searched for and hired contractors and continuously assured plaintiffs that everything would be repaired.  (Opp. Br. 3-4; Wu Decl. ¶¶ 15-16, 18-19; Zhang Decl. ¶¶ 15-16, 18-19; D.E. 23-7, Ex. 5.)  Plaintiffs also indicate that Chin visited the Property several times to collect rent, and that she accepted checks personally made out to her without objection, which she deposited into her bank account.  (Opp. Br. 3-5; Wu Decl. ¶¶ 21-26; Zhang Decl. ¶¶ 21-26; D.E. 23-8, Ex. 6.)

Based on the foregoing, plaintiffs have sustained their burden of proof in establishing jurisdictional facts through sworn affidavits and accompanying exhibits sufficient for the Court to assert personal jurisdiction over Chin.  Her considerable involvement in the lease agreements, her regular communication with plaintiffs regarding the structural integrity of the Property, allegedly inadequate attempts to address and repair the damage, and frequent visits to the Property satisfy the quantum of contacts for in personam jurisdiction.  The motion to dismiss for lack of personal jurisdiction is denied.

      A.  Counts One, Two, and Three as to Chin

Notwithstanding the pleaded facts demonstrating Chin's course of conduct with plaintiffs over the years, defendants make the legal argument that she is not a party to either lease and no contractual relationship with plaintiffs exists.  Thus, they argue, the counts for breach of contract, breach of the implied covenant of good faith and fair dealing, and loss of business and goodwill cannot survive.  In opposing,

8

plaintiffs point out that Chin executed each agreement on behalf of the LLC and personally signed the lease for the Restaurant. Plaintiffs also rely on the facts recited above that she regularly visited the Property, demanded rental payments be made out in her name, and personally guaranteed maintenance of the Property and the associated repairs to the Restaurant and the Apartment.

To prevail on a breach of contract claim, a plaintiff must satisfy four elements: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Defendants acknowledge that "Chin signed the leases on behalf of '307 Elizabeth Ave LLC, Landlord.'" (D.E. 24, Reply Br. at 4.) Likewise, her actions throughout the tenancies evidence her personal involvement with plaintiffs as well as the assumption of responsibilities otherwise reserved for a party bound by the lease agreements. Chin's breach of those responsibilities by failing to adequately maintain the Property is pleaded, with the result that the City of Elizabeth shut down the Restaurant and declared the Property unfit for human habitation. As a result, plaintiffs claim that they suffered damages, including the destruction of personal items, food, inventory, equipment, and fixtures; loss of business; and eviction. Finally, it is pleaded that "Plaintiffs' performed all of its (sic) obligations under the Agreements." (Compl. ¶ 40.)

New Jersey contract law recognizes that in certain circumstances, conduct can constitute contractual consent.  In *Wanaque Borough Sewerage Authority v. Township of West Milford*, 144 N.J. 564, 574 (1996), the New Jersey Supreme Court held that "contracts implied in fact are no different than express contracts, although they exhibit a different way or form of expressing assent than through statements or writings.  Courts often find and enforce implied promises by interpretation of a promisor's word and conduct in light of the surrounding circumstances."  Likewise, in *Weichert Co. Realtors v. Ryan*, 128 N.J. 427 (1992), the Supreme Court again reiterated that a contract implied-in-fact may be created through a party's conduct.  *Id.* at 436.  Taking all allegations in the complaint as true and viewing them in the light most favorable to the non-movant, plaintiffs has plausibly pleaded circumstances sufficient to establish an implied contract.

For the foregoing reasons, plaintiffs' breach of contract claim survives as do their separate contractual claims for breach of the implied covenant of good faith and fair dealing and loss of business and goodwill.  Defendants' motion to dismiss Counts One, Two, and Three as to Chin is denied.

  B.  Count Four – Unjust Enrichment as to Both Defendants

In opposing defendants' various arguments against Count Four, plaintiffs contend that they are entitled to plead a claim for unjust enrichment as an alternative to breach of contract.

In *Adie v. Stewart*, 2020 WL 7488897 (D.N.J. Dec. 21, 2020), Judge McNulty addressed the issue defendants raise – that contractual breach and unjust enrichment cannot be pleaded in a complaint:

> Stewart additionally argues that Adie's claim for unjust enrichment is precluded by the existence of the [loan agreement between the parties]. Double recovery of damages, of course, is not permitted, but what a claimant may recover is distinct from what a claimant may plead; Federal Rule of Civil Procedure 8(d) permits alternative and inconsistent pleading of claims. Fed. R. Civ. P. 8(d)(2), (3). Thus, courts regularly permit claims for both unjust enrichment and breach of contract to proceed at the motion to dismiss stage, finding that dismissal of either would be premature.

*Id.* at *3 (citations omitted).

The Court agrees and is unpersuaded by defendants' other arguments. Defendants' motion to dismiss Count Four is denied.

### C.  Count Five – Negligence as to Both Defendants

The "fundamental" elements of a cause of action for negligence under New Jersey law are: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages. *Shields v. Ramslee Motors*, 240 N.J. 479, 487 (2020) (quoting *Robinson v. Vivirito*, 217 N.J. 199, 208 (2014)).

Defendants challenge the negligence count against them and argue that the complaint does not plead facts giving rise to a duty independent of their contractual obligations, and because Count Five essentially sounds in contract, defendants' alleged negligence, if proven, would constitute a breach of contract. In opposing, plaintiffs rely on N.J.A.C. § 5:10-1.1 *et seq.*, entitled The Regulations for Maintenance of Hotels

11

and Multiple Dwellings (the "Regulations"), for support that an independent duty and cause of action exist outside the scope of the lease agreements.

The Regulations set forth "reasonable minimum requirements and standards . . . for the regulation of the maintenance of hotels and multiple dwellings in the State of New Jersey in the interest of public safety, health and welfare . . . ." N.J.A.C. § 5:10-1.2. They provide that "[t]he owner shall be responsible at all times for the safe maintenance of the building and its facilities . . . ." N.J.A.C. § 5:10-1.6(c). In § 5:10-11.1, labeled "Duties of Owner," the Regulations expressly provide that property owners "shall have the positive responsibility for providing, either by [their] own direct efforts or by hiring others qualified to so serve, a person or persons qualified by training or experience to discharge *the duties and responsibilities* outlined for owners under these regulations." N.J.A.C. § 5:10-11.1(a) (emphasis added).

In *Calco Hotel Management Group, Inc. v. Gike*, 420 N.J. Super. 495 (App. Div. 2011), a property owner brought a suit against a hotel guest for property damage caused by a fire. The Appellate Division addressed the Regulations and found that they were designed to impose "duties and responsibilities" on both owners and occupants to ensure that fire and safety codes were followed. *Id.* at 504. Plaintiffs' reliance on the Regulations to argue an independent duty on defendants' part falls within this interpretation of the Regulations.

As to establishing breach of that duty, paragraphs 84 and 85 of the complaint specifically reference a duty to be responsible for the roof and structure of the

12

building and top-floor repairs and maintenance. The Regulations support breach in that respect: "The owner . . . shall be responsible at all times for keeping all parts of the premises . . . clean and free of infestation and hazards to the health and safety of occupants," N.J.A.C. § 5:10-6.1; "Every unit of dwelling space shall be so maintained as to be fit for human use and habitation and to prevent progressive deterioration of the unit to the detriment of the health, safety and well-being of its occupants," N.J.A.C. § 5:10-6.3; and "All exterior roofs . . . shall be maintained as to keep water from entering the structure . . . . Damaged or badly worn material shall be repaired or replaced, and places showing signs of rot, leakage, deterioration or corrosion shall be treated or restored to prevent weathering or seepage," N.J.A.C. § 5:10-7.4.

Further, plaintiffs allege that defendants ignored the third floor, the roof and windows, and the overall structural integrity of the Property. In the complaint, plaintiffs maintain that the third floor "has been and continues to be abandoned, neglected and otherwise caused to be dilapidated directly and or indirectly by the Defendants and or their agents." (Compl. ¶ 17.) Further, plaintiffs assert that "Defendants and their agents made absolutely no effort to repair or prevent further damage from occurring to the Restaurant and Apartment." (*Id.* ¶ 23.) Plaintiffs plead that defendants' conduct in failing to perform their duties as owners is the primary cause of the destruction of their property and eviction (*id.* ¶¶ 31-35), and contend that they are entitled to damages of at least $500,000 as a result (*id.* ¶ 36).

Taking all allegations in the complaint as true and viewing them in the light most favorable to the non-movant, the Court is satisfied that Count Five adequately pleads facts establishing a cause of action for negligence against both defendants.

## IV.   CONCLUSION

For the reasons stated above, the Court denies defendants' motion to dismiss all counts against Chin and Counts Four and Five against the LLC.  (D.E. 18.)  An appropriate order will be entered.

/s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J.

Date: December 31, 2020